IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN PAUL ADAMS                                                                                      PLAINTIFF

v.                         Civil No. 4:14-cv-04117

HEMPSTEAD COUNTY;
HEMPSTEAD COUNTY QUORUM COURT;
COUNTY JUDGE WALLACE MARTIN;
COUNTY CLERK SANDRA ROGERS;
SHERIFF JAMES SINGLETON;
CAPTAIN JOHNNY GODBOLT;
LIEUTENANT HEATH ROSS; SGT.
CECILA BLAND; OFFICER MAX FIELD;
and OFFICER CODY AARON                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven Adams filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 12, 2014.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County Detention Center ("HCDC") in Hope, Arkansas.  Plaintiff's address of record indicates he is still incarcerated in the HCDC.

1

In Plaintiff's Complaint, he names Hempstead County, Hempstead County Quorum Court, county Judge Wallace Martin, County Clerk Sandra Rogers, Sheriff James Singleton, Captain Johnny Godbolt, Lieutenant Heath Ross, Sergeant Cecila Bland, Officer Max Field, and Officer Cody Aaron as Defendants. Plaintiff alleges another inmate in the HCDC attacked him breaking his nose. After the attack, the other inmates in Plaintiff's pod prevented Plaintiff from using the call button in the pod to requests medical assistance. According to Plaintiff, Officer Max Field was in the control room and Plaintiff's bloody and swollen nose was clearly visible from the cameras in the pod. Further, Plaintiff claims that Officer Cody Aaron came into the pod and witnessed Plaintiff's bloody nose and refused to do anything to help him. Lastly, Plaintiff claims that the first shift (presumably the shift on which the attack to place) was under staffed leaving the jail "undersupervised." ECF No. 1, p. 5.

**II.   DISCUSSION**

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Judge Wallace Martin is immune from suit under section 1983. Judges are generally

immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted). Plaintiff has failed to allege any action by Judge Martin, much less any action that was nonjudicial or taken without jurisdiction. Accordingly, Judge Martin is immune from suit and should be dismissed from this case.

Further, Plaintiff has named Hempstead County, Hempstead County Quorum Court, County Clerk Sandra Rogers, and Sheriff James Singleton as defendants. Under Arkansas law, it is the sheriff who has "the custody, rule, and charge of the jail within his . . . county and all prisoners committed in his . . . county." Ark. Code Ann. § 12-41-502. Therefore, any official capacity claims regarding Plaintiff's claims are properly asserted against Sheriff Singleton and not Hempstead County, Hempstead County Quorum Court, and County Clerk Sandra Rogers. In this instance, a suit against Sheriff Singleton in his official capacity is the equivalent of a suit against these county entities and officials. *See Johnson v. Outboard Marine Crop.,* 172 F.3d 531, 535 (8th Cir. 1999); *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 923 -924 (8th Cir.

1998). Further, Plaintiff did not allege any action by Hempstead County, Hempstead County Quorum Court, and County Clerk Sandra Rogers violated his constitutional rights. As Sheriff Singleton is the elected official charged by law with the responsibility of running the jail, Sheriff Singleton is a named defendant here, Plaintiff's claims involve under staffing of the jail and actions by jail employees, and Plaintiff did not allege any actions Hempstead County, Hempstead County Quorum Court, and County Clerk Sandra Rogers that violated his constitutional rights, I recommend Hempstead County, Hempstead County Quorum Court, and County Clerk Sandra Rogers be dismissed from this action.

Lastly, Plaintiff failed to allege any factual allegations against Captain Johnny Godbolt, Lieutenant Heath Ross, or Sergeant Cecila Bland. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). In other words, Captain Johnny Godbolt, Lieutenant Heath Ross, and Sergeant Cecila Bland cannot be held liable under section 1983 merely because they hold supervisory position at the HCDC. Accordingly, I recommend Captain Johnny Godbolt, Lieutenant Heath Ross, and Sergeant Cecila Bland be dismissed from this action.

**IV.    CONCLUSION**

For the foregoing reasons, I recommend that Judge Martin, Hempstead County, Hempstead County Quorum Court, County Clerk Sandra Rogers, Captain Johnny Godbolt, Lieutenant Heath Ross, and Sergeant Cecila all be dismissed from this action pursuant to 28 U.S.C. § 1915A(a).

This leaves Sheriff Singleton, Officer Max Field, and Officer Cody Aaron as the remaining defendants.  The issue of service will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 27th day of January 2015.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE