IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN PAUL ADAMS                                                                                PLAINTIFF

v.                        Civil No. 4:14-cv-04117

SHERIFF JAMES SINGLETON;
OFFICER MAX FIELD;
and OFFICER CODY AARON                                                                DEFENDANTS

**O R D E R**

Plaintiff, Steven Paul Adams, filed this action *pro se* and *in forma pauperis* on September 12, 2014, pursuant to 42 U.S.C. § 1983.  Now before the Court is Plaintiff's Motion for Jury Trial in which he requests a jury trial and a settlement conference.  ECF No. 27.  Defendants responded to Plaintiff's Motion for Jury Trial.  ECF No. 30.

1.   Motion for Jury Trial

On February 11, 2016, Plaintiff filed a Motion for Jury Trial.  ECF No. 27.  Defendants responded arguing that Plaintiff's demand for a jury trial is time barred pursuant to Federal Rule of Civil Procedure 38(d) as it was not properly served within ten days of Defendants' Answer. ECF. No. 30.

The Federal Rules of Civil Procedure require Plaintiff to make a jury demand by "serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b).  Plaintiff waives a jury trial if his demand is not properly served and filed.  Fed. R. Civ. P. 38(d).  In the Eighth Circuit, this rule is rigidly applied and a complete waiver should be found when a jury demand has not been timely made, whether the failure was "inadvertent, unintended and regardless of the explanation or excuse." *Scharnhorst v.*

*Independent School District No. 710*, 686 F.2d 637, 641 (8th Cir.1982) (finding the *pro se* plaintiff waived her right to a jury trial when she failed to demand a jury trial in her complaint), cert. denied, 462 U.S. 1109 (1983).

Plaintiff filed his original Complaint without a demand for a jury trial on September 12, 2014. (ECF No. 1). Defendants filed their Answer on February 11, 2015. (ECF No. 11). Plaintiff's Motion for Jury Trial was filed approximately one year after the last pleading directed to the issue—Defendants' Answer. Therefore, Plaintiff's jury demand is untimely. *See* Fed. R. Civ. P. 38(b) (jury demand must be filed within fourteen (14) days of the last pleading directed to the issue); *see also e.g., King v. Patterson*, 999 F.2d 351, 353 (8th Cir. 1993) (a jury trial demand filed more than two months after filing a complaint and approximately seventy-eight (78) days after defendants filed their answer was filed out of time pursuant to Rule 38).

Accordingly, Plaintiff's Motion for Jury Trial (ECF No. 27) is hereby **DENIED.**

2. Motion for Settlement Conference.

Plaintiff also requested a settlement conference in his Motion for Jury Trial. ECF 27. This matter is set for a bench trial on Thursday, April 14, 2016 in Texarkana, Arkansas. ECF No. 25. Plaintiff may contact counsel for Defendants at any time prior to the trial to discuss possible settlement.

Accordingly, Plaintiff's Motion for Settlement Conference (ECF No. 27) is hereby **DENIED.**

**IT IS SO ORDERED** this **25th day of February 2016**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE